UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **BRADLEY SHAWN SMITH** | **CIVIL ACTION NO. 25-1509** |
| | **SECTION P** |
| VS. | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **MICHELLE DAUZAT** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Petitioner Bradley Shawn Smith, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, on September 19, 2025. [doc. # 1, p. 16]. Petitioner attacks his sexual battery conviction and his 8.25-year sentence imposed by the Fourth Judicial District Court, Parish of Ouachita.[1] *Id.* For reasons below, the Court should dismiss this petition as untimely.

## Background

On May 6, 2019, Petitioner pled guilty to one count of sexual battery under LA. REV. STAT. 14:43.1. [doc. # 1, p. 1]. On August 7, 2019, the trial judge sentenced Petitioner to 8.25 years of imprisonment at hard labor without the benefit of probation, parole, or suspension of sentence. [doc. #s 1, p. 1; 1-3, p. 12]. Petitioner did not appeal his conviction or sentence. [doc. # 1, p. 2].

On September 11, 2023, Petitioner filed an application for post-conviction relief in the trial court. [doc. #s 1, p. 3; 1-3, p. 42]. The trial court denied the application on December 6, 2023. [doc. #s 1, pp. 3-4; 1-3, p. 2].

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636, and the standing orders of the Court.

On February 13, 2024, Petitioner filed a writ application before the Louisiana Second Circuit Court of Appeal. [doc. # 1, p. 4]. On March 21, 2024, the appellate court denied the application under "U.R.C.A. Rule 4-5" because the "writ application lack[ed] a copy of the application for post-conviction relief that form[ed] the basis for the trial court's ruling." [doc. # 1-3, p. 45]. On May 9, 2024, the appellate court granted Petitioner's request to "reconsider his previous writ application," but the court denied the application "on the showing made." *Id.* at 49.

On September 24, 2024, the Supreme Court of Louisiana denied Petitioner's application for supervisory writ. *State v. Smith*, 2024-00735, 392 So. 3d 884, (La. 9/24/24). Specifically, it held that Petitioner was not entitled to DNA testing, he did not show that the State withheld material exculpatory evidence, and his remaining claims were not timely filed in the district court. *Id.*

Petitioner filed the instant habeas corpus petition on September 19, 2025. [doc. # 1, p. 16]. He first claims, "Improper Boykinization." [doc. # 1, p. 5]. He argues: "At the time of his plea, petitioner lacked awareness of the essential nature of the offense. The court failed to apprise petitioner of the elements of the crime, failed to ascertain whether or not petitioner understood that he be required to register as a sex offender for 25 years after his release and failed to mention that petitioner would be required to register." *Id.*

Petitioner next raises a *Brady* claim, arguing that the prosecution failed to disclose DNA test results and the identity of an impeachment witness. [doc. # 1, p. 7].

For his third claim, Petitioner argues that his trial counsel was ineffective because counsel failed to file pre-trial motions, provide the status of DNA results, interview witnesses, meet with him to discuss trial strategy, advise him about requesting DNA testing, inform him

that the State lacked physical evidence against him, or advise him about the nature and consequences of his guilty plea. [doc. # 1, pp. 8-9].

Finally, Petitioner claims that he is actually innocent of sexual battery. [doc. # 1, p. 11].

## Law and Analysis

Title 28 U.S.C. § 2244(d)(1), provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Here, as to subsection "B" above, Petitioner states that his "quest for justice has been impeded greatly due to his confinement, indigent status, self-representation, limited access to legal material, and the obvious difficulties in obtaining his *Boykin* transcripts from the clerk of court." [doc. # 1-2, p. 3]. He adds: "All of these external factors have impeded petitioner's efforts to comply with Louisiana's procedural post-conviction filing deadlines." *Id*

The requirements for the "statutory time-bar reset provision of § 2244(d)(1)(B) . . . are understandably steep." *Wickware v. Thaler*, 404 F. App'x 856, 862 (5th Cir. 2010). To invoke the "reset," a petitioner "must show that: (1) he was prevented from filing a petition (2) by State

3

action (3) in violation of the Constitution or federal law." *Id.* A petitioner must show that the impediment "actually prevented him from filing a § 2254 petition in violation of the Constitution or federal law." *Madden v. Thaler*, 521 F. App'x 316, 320 (5th Cir. 2013).

Here, Petitioner does not contend that the impediments he lists above prevented him from filing this federal petition. *See Hebrard v. Day*, 232 F.3d 208 (5th Cir. 2000) ("Hebrard does not argue that a state impediment prevented him from timely filing a § 2254 petition."); *Hatcher v. Quarterman*, 305 F. App'x 195, 196 (5th Cir. 2008) (finding that because the petitioner "did not allege that the state habeas court created an 'unconstitutional' impediment that prevented him from timely filing his *federal* habeas application[,] . . . the statutory exception in § 2244(d)(1)(B) [did] not apply."); *Parker v. Johnson*, 220 F.3d 584 (5th Cir. 2000) (finding, where the petitioner argued "that his alleged lack of access to legal materials . . . extend[ed] the tolling period under 28 U.S.C. § 2244(d)(1)(B)[]" that the petitioner did not show that "the State imposed an unconstitutional impediment to the filing of his federal habeas petition . . . .").

Consequently, the one-year period of limitation "runs" from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A).

As above, Petitioner did not file a direct appeal after the trial court sentenced him. When a petitioner concludes his state court direct appeal before it reaches the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).

Under La. Code Crim. Proc. art. 914(B), a "motion for an appeal must be made no later than: (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken." As Petitioner did not pursue a direct appeal, his conviction became final on September 6,

4

2019, thirty days after the trial court sentenced him on August 7, 2019.[2]

Because Petitioner's conviction became final on September 6, 2019, he had one year, or until September 6, 2020, to file a federal habeas corpus petition. Petitioner did not file the instant petition until, at the earliest, September 19, 2025. [doc. # 1, p. 16]. Thus, Petitioner's claims are barred by the one-year limitation period unless he extended the September 6, 2020 deadline through statutory or equitable tolling.

**I. Statutory Tolling**

The statutory tolling provision in 28 U.S.C. § 2244(d)(2), provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only as long as the state application remains pending, *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner did not file an application for post-conviction relief before the one-year limitation period expired. As noted, Petitioner's conviction became final on September 6, 2019. Absent tolling, the time for filing a federal habeas corpus petition would expire on September 6, 2020. Petitioner waited until September 11, 2023, to file a motion for post-conviction relief. As

---

[2] Under United States Supreme Court Rule 13, "a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." The time for seeking direct review often "includes the ninety days allowed for a petition to the Supreme Court following the entry of judgment by the state court of last resort." *Roberts*, 319 F.3d at 694. However, "If the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." *Id.* Here, therefore, Petitioner is not afforded an additional ninety days.

Petitioner did not apply for post-conviction relief in state court before September 6, 2020, he did not interrupt or statutorily toll the period of limitation.³  Accordingly, the instant Petition is untimely and should be dismissed absent rare and exceptional circumstances or a credible showing of actual innocence.

## II. Equitable Tolling

The one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).  "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Petitioner does not ask the Court to equitably toll the one-year period of limitation,

---

³ *See Williams v. LeBlanc*, 2019 WL 3976651, at n.34 (E.D. La. July 24, 2019), *report and recommendation adopted,* 2019 WL 3975075 (E.D. La. Aug. 22, 2019) ("Although petitioner subsequently filed his motion to correct an illegal sentence in 2016, pleadings filed after the expiration of the federal statute of limitations have no bearing on § 2244(d)(2) tolling determinations. . . . Simply put: once the federal limitations period has expired, [t]here [i]s nothing to toll. . . . [P]etitioner seems to suggest that his 2016 motion somehow restarted the federal limitations period.  If that is indeed his position, he is wrong.  Tolling merely pauses the clock; it does not restart anew the limitations period.  Thus, once the statute has run, a collateral action cannot revive it.") (quotation marks and quoted sources omitted).

and nothing of record supports equitable tolling. He does not explain how he diligently pursued his rights, and he does not present any extraordinary circumstances that stood in his way and prevented timely filing. *See Hardaway v. Davis*, 684 F. App'x 444, 446 (5th Cir. 2017) ("To receive the benefit of equitable tolling, the petitioner bears the burden . . . .").

Accordingly, this petition is time-barred under 28 U.S.C. § 2244(d)(1)(A), unless Petitioner demonstrates a fundamental miscarriage of justice.

### III. Actual Innocence

The fundamental miscarriage of justice exception provides that, "in the 'extraordinary case', in which a prisoner asserts a 'credible showing of actual innocence', he may overcome the time-bar, and have his claims considered on the merits." *Floyd v. Vannoy*, 894 F.3d 143, 154 (5th Cir. 2018) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013)) (some internal quotation marks and other quoted sources omitted).

"To be credible, [an actual innocence] claim requires [the applicant] to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "Evidence does not qualify as 'new' . . . if 'it was always within the reach of [petitioner's] personal knowledge or reasonable investigation.'" *Hancock v. Davis*, 906 F.3d 387, 390 (5th Cir. 2018) (quoting *Moore v. Quarterman*, 534 F.3d 454, 465 (5th Cir. 2008)). Likewise, "Evidence that was available to be presented to the jury at the time of trial is not now 'new' evidence, even if it was not actually presented to the jury." *Shank v. Vannoy*, 2017 WL 6029846, at *2 (5th Cir. Oct. 26, 2017).

"Tenable actual innocence claims are rare because the applicant must show 'that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a

reasonable doubt.'" *Davis*, 768 F. App'x at 265 (quoting *Perkins*, 569 U.S. at 386). "[A] successful actual-innocence claim provides a 'gateway' for the petitioner to proceed on the merits." *Id.* (quoting *House v. Bell*, 547 U.S. 518, 536 (2006)). "The gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Here, Petitioner maintains that he is innocent, but he does not present any evidence—much less newly-discovered evidence of actual innocence—to support a claim of actual innocence. [doc. # 1-2, p. 1]. He argues that the State did not provide DNA samples or the identity of an impeachment witness, but he does not present the DNA testing evidence or impeachment witness evidence here.[4] *Id.* at 7. Rather, he at best speculates that *if* "someone else's DNA is present on the alleged victim's underwear, bedsheets, or person and the defendant's is not, his innocence is forensically established." *Id.* at 8.

Absent any evidence, Petitioner cannot establish that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. Accordingly, his petition is barred by the statute of limitations.

## Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner Bradley Shawn Smith's Petition for Writ of Habeas Corpus be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

---

[4] *See generally Sawyer v. Whitley*, 505 U.S. 333, 334 (1992) ("Latter-day impeachment evidence seldom, if ever, makes a clear and convincing showing that no reasonable juror would have believed the heart of the witness' account.").

**By this Report and Recommendation, the Court notifies Petitioner that his claims are subject to dismissal as untimely under the one-year period of limitation and that the undersigned is recommending dismissal without ordering Respondent to answer. <u>Petitioner may raise any arguments against dismissal during the fourteen-day objection period described below.</u>**[5]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States

---

[5] *See Lewis v. Cockrell*, 33 F. App'x 704 (5th Cir. 2002) ("When a federal district court applies the limitations period *sua sponte*, it should consider whether the habeas petitioner has been given notice of the issue, whether the petitioner has had a reasonable opportunity to argue against dismissal, and whether the state has intentionally waived the defense.").

District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 16th day of December, 2025.

_____
Kayla Dye McClusky
United States Magistrate Judge